IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FITZGERALD T. BRAMWELL, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | Civil Action No. 17 C 1470 |
| v. | ) | |
| | ) | |
| PILOT AIR FREIGHT CORP. | ) | |
| d/b/a PILOT FREIGHT SERVICES, | ) | |
| | ) | |
|    *Defendants*. | ) | |

### DEFENDANT'S ANSWER TO COUNT III OF PLAINTIFF'S COMPLAINT

Defendant, Pilot Air Freight, LLC (formerly known as and incorrectly sued as Pilot Air Freight Corp.)("Pilot"), by its attorney, Michael T. Trucco of STAMOS & TRUCCO LLP, for its Answer to Count III of Plaintiff's Complaint states as follows:

### Parties

1.  Mr. Bramwell is a resident of Forest Park, Illinois.

**ANSWER:** Defendant admits the allegations of paragraph one.

2.  Pilot is a corporation organized under the laws of the state of Pennsylvania with a principal place of business in Lima, Pennsylvania.

**ANSWER:** Denied. Pilot is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business in Lima, Pennsylvania.

3.  This court has jurisdiction over the parties because (i) Pilot purposefully availed itself of Forest Park, Illinois in connection with the phone call at issue, and (ii) many of the acts and omissions giving rise to this action occurred in Forest Park, Illinois. Accordingly venue is proper in this court pursuant to 735 ILCS 5/2-101.

**ANSWER:** Defendant admits that jurisdiction and venue is proper in this court.

### Additional Factual Allegations

4.  On October 6, 2016, at 11:32 a.m. central time, the undersigned received a telephone call from Pilot (phone number 484 – 234 – 4384) to his cellular telephone with phone number ending with 4498. This call used an automatic voice to say "Hello. Pilot Freight Services

has received notification of your delivery from Best Buy….” There was no legitimate reason for Pilot to make a robocall to Mr. Bramwell as (1) Mr. Bramwell had already made arrangements for Best Buy (not Pilot) to notify him via email when his order was ready, and (2) Mr. Bramwell never consented to communication with Pilot via telephone or otherwise.

**ANSWER**: Defendant admits the allegations of the first and second sentences of Paragraph 4 but denies the remaining allegations of paragraph 4.

5. The telephone number that Pilot called on October 6, 2016 is a wireless/cellular telephone and is on the national "do-not-call" registry established and maintained by the Federal Trade Commission, pursuant to 16 C.F.R. §310.4(b)(1)(iii)(B).

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5.

6. The pre-recorded message at the beginning of Pilot's call suggests that the call was made by an autodialer using an "autodialer" and/or an "auto dialer system" (as those terms are defined in 815 ILCS 305/5(a)). Moreover, Pilot sent a letter dated October 7, 2016 where it suggested that the call was made by an autodialer.

**ANSWER**: Defendant admits that the subject call was generated automatically based on data provided by its customer but denies the remaining allegations of paragraph 6.

7. The number the Pilot called is used and paid for by Mr. Bramwell.

**ANSWER**: Defendant admits that the number Pilot called is used by Plaintiff but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7.

8. Prior to the call, Mr. Bramwell had never consented to any telephonic contact with Pilot.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8.

### Count I
(Violation of the Automatic Telephone Dialers Act-815 ILCS 305/1 *et seq.*)

9-11    Defendant makes no answer to the allegations of Count I as it is the subject of Defendant's Rule 12(b)(6) Motion to Dismiss Counts I and II of Plaintiff's Complaint.

### Count II
(Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/Z2 *et seq.*)

12-13    Defendant makes no answer to the allegations of Count II as it is the subject of Defendant's Rule 12(b)(6) Motion to Dismiss Counts I and II of Plaintiff's Complaint.

### .Count III
(Violation of the federal Telephone Consumer Protection Act, 47 U.S.C. §227)

14.    Mr. Bramwell re-alleges and incorporates paragraphs 1 – 13 of this complaint as if set forth fully herein.

**ANSWER**:  Defendant re-alleges and incorporates by reference herein its answers to paragraphs 1 through 8 above.  Because paragraphs 10, 11 and 13 of Counts I and II are incorporated by reference in this Count III, Defendant answers those paragraphs as follows:

10.    On information and belief, Pilot made the call using an autodialer and/or an auto-dialer, which call delivered a prerecorded telephonic solicitation message to Mr. Bramwell in violation of 815 ILCS 305/30(b).

   **ANSWER:**    Defendant admits that the subject call was automatically dialed but denies the remaining allegations of paragraph 10.

11.    Prior to its call, Mr. Bramwell never consented to any telephonic contact by Pilot on his cell phone.

   **ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11.

13.    Pilot's violation of the Automatic Telephone Dialers Act, Count I *supra,* also violated the Consumer Fraud and Deceptive Business Practices Act because Pilot knowingly placed the call using an autodialer or an autodialer system to deliver a prerecorded message to a residence.  Such conduct was, at a minimum, willful and wanton, as well as in reckless disregard of Mr. Bramwell's right to be free of autodialed calls delivering prerecorded messages.

   **ANSWER:**    Defendant denies the allegations of paragraph 13.

15. Pilot's call violated 47 U.S.C. §227 (b)(1)(A)(iii) in that the call was made to a cellular telephone and used an artificial voice to deliver a message.

**ANSWER**: Defendant admits that the subject call was made to a cellular telephone and used an artificial voice but denies the remaining allegations of paragraph 15.

WHEREFORE Defendant, Pilot Air Freight, LLC denies that Plaintiff is entitled to any relief based on the facts alleged and respectfully prays that this Court enter judgment in its favor and against Plaintiff and award it any and all other relief it deems appropriate, including its costs.

March 6, 2017

                                              Respectfully submitted,

                                              /s/Michael T. Trucco
                                              One of Defendant's Attorneys

Michael T. Trucco, Esq. (No. 06183389)
STAMOS & TRUCCO LLP
1 East Wacker Drive, Suite 300
Chicago, IL 60601
Phone: 312-630-7979
Email: mtrucco@stamostrucco.com

OF COUNSEL:

Patrick C. Campbell, Jr.
PHILLIPS, CAMPBELL & PHILLIPS, LLP
314 N Middletown Rd.
Lima, PA 19037
Phone: 610-548-7100
Email: pcampbell@phillipscampbell.com

**ATTORNEYS FOR DEFENDANT,
PILOT AIR FREIGHT, LLC**

4

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, on oath, deposes and states that he caused a true and correct copy of the foregoing **Defendant, Pilot Air Freight, LLC's, Answer to Count III of Plaintiff's Complaint** to be served via electronic transmission pursuant to the Rules upon the party listed below on March 6, 2017.

Fitzgerald T. Bramwell
LAW OFFICES OF FITZGERALD T. BRAMWELL
225 W. WASHINGTON ST., SUITE 2200
CHICAGO, IL 60606
brmawell@fitzgeraldbramwell.com

                                                  PILOT AIR FREIGHT, LLC

                                    By:    /s/ Michael T. Trucco
                                                      One of their attorneys

Dated: March 6, 2017

Michael T. Trucco (6183389)
STAMOS & TRUCCO LLP
One East Wacker Drive, Third Floor
Chicago, Illinois 60601
(312) 630-7979
(312) 630-1183 (Fax)